UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BIANCHI,

Plaintiff,

v.

PALO ALTO MIND BODY, *et al.*,

Defendants.
_________________________ /

Case No. 25-10949

F. Kay Behm
United States District Judge

**OPINION AND ORDER ON MOTION TO DISMISS/MOTION TO COMPEL ARBITRATION (ECF No. 6), MOTION TO GRANT IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION, TO STAY ACTION, AND VACATE THE COURT'S JUNE 24, 2026 OPINION AND ORDER (ECF No. 25), AND MOTION FOR LEAVE TO FILE A MOTION TO COMPEL DISCOVERY (ECF No. 31)**

## I. PROCEDURAL HISTORY AND BACKGROUND

Defendant filed a motion to dismiss and to compel arbitration. (ECF No. 6). Plaintiff opposed this motion, contending that he did not sign the arbitration agreement. (ECF No. 8). After a hearing and supplemental briefing, the court determined that Plaintiff had sufficiently placed the formation of the contract and his alleged signing of the arbitration agreement in issue. (ECF No. 23). The court, therefore, in the June 24, 2026 Corrected Opinion and Order, allowed the parties to conduct limited discovery on the formation issues related to the arbitration agreement and Plaintiff's alleged

electronic signature. After discovery, the parties were directed to file supplemental briefs so the court could determine if it must compel arbitration or proceed summarily to trial on any remaining disputed factual issues regarding formation. *Id*.

Plaintiff then changed course and filed a motion to grant in part Defendants' motion to compel arbitration, to stay the action, and to vacate as moot the court's June 24, 2026 Corrected Opinion and Order. (ECF No. 25). As Plaintiff characterizes it, he has offered Defendants a "win" on their motion to compel arbitration, to the extent that the parties would arbitrate according to the terms Defendants claim already applied. (ECF No. 25, PageID.1369). Defendants have indicated that they would only agree to arbitrate if (1) Plaintiff states that he signed the arbitration agreement; (2) Plaintiff agreed to move this case to arbitration under the terms the defense claims were originally applicable; and (3) Plaintiff agreed that he cannot put the issue of arbitrability before the arbitrator. Plaintiff agreed to the second and third conditions, but says he could not agree to the first because it would not be honest. Defendants would not agree to the arbitration without the concession that Plaintiff signed the arbitration agreement.

With his motion, Plaintiff "has filed a formal notice withdrawing any objection to compelled arbitration." (ECF No. 25, PageID.1370). Plaintiff has therefore "withdrawn his opposition to Defendants' motion to the extent they sought to compel arbitration" and he "withdraws any contest of arbitrability of his pending claims for purposes of this or any further proceeding, and/or waives any challenge to the arbitrability of these claims." *Id*. Plaintiff makes no admission, however, to the execution of the disputed 2023 agreement. Plaintiff maintains that no such finding is necessary because he consents to arbitration of his claims irrespective of that issue in order to avoid the delay and expense of satellite litigation. *Id*. at PageID.1370-71. Based on his withdrawal of his opposition to the motion to compel arbitration, Plaintiff also seeks to vacate the court's order regarding discovery and an evidentiary hearing as moot. Plaintiff further seeks a stay of this matter instead of dismissal, pursuant to *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("[S]taying rather than dismissing a suit comports with the supervisory role that the FAA envisions"). Plaintiff requests a stay of discovery until the court decides this motion.

Despite his withdrawal of his opposition to the motion to compel arbitration, Defendants maintain their opposition to Plaintiff's motion to have

the court grant its motion and vacate the June 24, 2026 Corrected Opinion and Order. Defendant opposes Plaintiff's motion primarily because Plaintiff refuses to acknowledge execution. Section 3 of the FAA requires the Court to be "satisfied that the issue . . . is referable to arbitration under an agreement in writing." 9 U.S.C. § 3. Given that Plaintiff will not acknowledge he signed the arbitration agreement (including in his present motion), Defendants argue that the Court cannot be "satisfied." According to Defendants, because Plaintiff has placed his signature in question, the case must move forward on the limited issue of Plaintiff's signature until the issue is resolved by the court. Defendants assert that if Plaintiff simply acknowledged in a written order "that he signed the arbitration agreement, agreed not to contest the arbitration agreement, and agreed to comply with the arbitration agreement, then this would moot discovery and the need for further proceedings in the federal case." (ECF No. 26, PageID.1383). Defendants have also filed a motion for leave to file a motion to compel discovery about which this court held a conference. (ECF No. 31).

## II. ANALYSIS

The parties disagree about whether the court has authority to reconsider its prior decision finding that there was a factual issue regarding

execution and ordering the parties to conduct limited discovery. However, it is clear that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. While the present circumstances do not squarely fit into one of the enumerated traditional justifications for revisiting an interlocutory order, the court finds that proceeding to conduct discovery, requiring additional supplemental briefing, and possibly conducting a jury trial on the issue of contract formation makes little sense in light of Plaintiff's withdrawal of his opposition to the motion to compel arbitration and concession that ECF No. 6-2 is the applicable arbitration agreement. Thus, the court finds that it may consider vacating its June 24, 2026 Corrected Opinion and Order.

As set forth above, Defendants also argue that Plaintiff's refusal to acknowledge execution means that under § 3 of the FAA, the court cannot be

"satisfied that the issue … is referable to arbitration under an agreement in writing." 9 U.S.C. § 3. However, § 4 of the FAA provides that if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to trial thereof. Here, because Plaintiff has withdrawn his opposition to the motion to compel arbitration, the court finds that the making of the arbitration agreement, or any failure/refusal to perform under the terms of the arbitration agreement is no longer at issue, regardless of Plaintiff's refusal to acknowledge execution. The question to be resolved by either subsequent order of the court or a summary trial—whether Plaintiff signed the arbitration agreement—was only necessary because Plaintiff refused to arbitrate under the agreement presented by Defendants. Now, Plaintiff has agreed to arbitrate under that agreement. Thus, the court need not decide whether Plaintiff executed the arbitration agreement.

Further, because Plaintiff has withdrawn his opposition to the motion to compel arbitration and has agreed that ECF No. 6-2 is the operative arbitration agreement, the court is "satisfied" under § 3 that Plaintiff's claim is "referable to arbitration" under that agreement. As Plaintiff points out, arbitration is a matter of consent and both parties now agree that this matter

must be arbitrated under the operative arbitration agreement. For these reasons, the court vacates in part the June 24, 2026 Corrected Opinion and Order to the extent that it held the motion to compel arbitration in abeyance pending limited discovery and supplemental briefing.

Plaintiff also asks for a stay of this matter pending arbitration, instead of dismissal as requested by Defendants. Generally, a valid arbitration agreement is grounds for dismissal under Federal Rule of Procedure 12(b)(6). *Sypniewski v. Domino's Pizza, Inc.*, No. 24-11330, 2024 WL 4571403, at *3 (E.D. Mich. Oct. 23, 2024) ("[A]n enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit." (citing *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012))); *see also New Heights Farm I, LLC v. Great Am. Ins. Co.*, No. 24-1087, 119 F.4th 455 (6th Cir. 2024) (affirming dismissal of claims subject to mandatory arbitration under Rule 12(b)(6)). However, as the Supreme Court recently held, if a party requests that the court instead stay the case pending the outcome of the arbitration proceedings, the court must stay the case "'until [the] arbitration' has concluded." *Sypniewski*, 2024 WL 4571403, at *3 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 473–74 (2024)). In other words, this court "does not have

discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Sypniewski*, 2024 WL 4571403, at *3 (quoting *Smith*, 601 U.S. at 475-76). This is so when either one of the parties requests a stay. *Sypniewski*, 2024 WL 4571403, at *3 (ordering a stay when requested by the plaintiff where the defendant did not ask for a stay because "Section 3 of the Federal Arbitration Act states that the Court 'shall' stay the case 'on application of *one* of the parties'" (emphasis added) (quoting 9 U.S.C. § 3)). Thus, the court grants Plaintiff's request for stay instead of dismissal.

As to the parties' competing discovery motions, in light of the court's decision to vacate in part its June 24, 2026 Corrected Opinion and Order which directed the parties to engage in limited discovery, the court finds them both moot. That is, the court need not stay discovery nor compel discovery now that the order permitting limited discovery has been vacated.

## III. CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' motion to compel arbitration as unopposed but **DENIES** the request for dismissal (ECF No. 6), **GRANTS** the motion to vacate in part the June 24, 2026 Corrected Opinion and Order (ECF No. 25), but **DENIES** the motion to stay discovery as moot, **GRANTS** the request to stay this action, and **DENIES** the motion for

leave to file a motion to compel discovery as moot (ECF No. 31). The parties must now proceed to arbitration under the terms of the applicable arbitration agreement.

**SO ORDERED**.

Date: September 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge